## Martin v. Martin, Appellant.


Argued September 27, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Scott Fink,* with him *Fink & Jennings,* for appellants.

*Louis E. Sensenich,* with him *M. Maurice Chacchia,* and *Chacchia and Brind,* of the New York Bar, for appellee.

*Joseph B. Mitinger,* guardian ad litem for minor appellee, in propria persona.

OPINION PER CURIAM, November 14, 1961:

Percy E. Martin (settlor) assigned to the appellant-trustee an insurance policy on his life as the sole asset in the trust estate. The purpose of the trust, as defined in the trust agreement, is to provide for the education of settlor's two daughters. Settlor agreed to maintain the policy in force and effect by the continued payments of the premiums. One of the daughters now seeks to obtain funds from this trust for payment of her expenses of education even though the policy has not yet matured by the death of settlor.

Appellant-trustee maintains that the daughter cannot secure funds from the trust since the trust was devised to provide funds for the children's education only after the death of the settlor,-and that since he is still living, there is no corpus from which appellee can secure the requested funds. The Orphans' Court of Westmoreland County, however, ordered and decreed that the trustee borrow against the loan value of the policy for the purpose of providing funds necessary for appellee's education. From this order the trustee now appeals.

The trustee's position that by the terms of the agreement the beneficiaries were not intended to have a pres-

ent vested interest in the trust until the settlor's death is completely refuted by a reading of the instrument. The agreement permits the settlor to withdraw the policy and substitute cash in lieu thereof, thereby providing immediate funds for the purposes of the trust. The agreement also requires the trustee, in the event of a default in the payment of premiums, to acquire cash by surrendering the policy for the cash surrender value, thus providing immediate funds for the purposes of the trust. Moreover, the trust agreement, in numerous paragraphs, specifically provides for distribution of the remainder "to *settlor* or settlor's estate" in the event that the trust purposes are either accomplished or defeated in any one of many ways, clearly indicating that death of the settlor was not required for the functioning of the trust.

These provisions of the trust agreement substantiate the lower court's finding that this was an irrevocable inter vivos trust and that settlor, when he assigned the policy as the corpus of the trust to the trustees, necessarily assigned the borrowing rights of the policy. Accordingly, the lower court was without error in requiring the trustee to borrow against the policy to provide the funds necessary to effectuate the purposes of the trust.

Decree affirmed, costs to be paid by the appellant.